**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RUSSELL C. PREISTER | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | TRIAL BY JURY |
| | : | DEMANDED |
| | : | |
| TESLA BIOHEALING, INC. | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Russell C. Preister ("Plaintiff") was at all times relevant to this complaint a resident of Milford, Delaware. Plaintiff now resides in Colorado.

2. Defendant, Tesla Biohealing, Inc. ("Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et. seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. In addition, the claims are brought pursuant to The Delaware Discrimination in Employment Act (DDEA), 19 Del. Code §710, et. Seq.

4. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

## VENUE

5. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, the venue lies in the United States District Court for the District of Delaware.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff filed this Charge of Discrimination to the State of Delaware Department of Labor (DOL) and Equal Employment Opportunity Commission (EEOC) on December 4, 2021. Plaintiff's Charge of Discrimination is attached as Exhibit 1.

7. Upon receipt of the Charge of Discrimination, the DOL conducted an investigation into Plaintiff's Charge of Discrimination where both sides submitted evidence and position statements.

8. On January 30, 2023, the DOL found in Plaintiff's favor and determined there was Reasonable Cause to believe that Tesla Biohealing retaliated against Plaintiff as a result of his reporting of sexual harassment. DOL's *Final Determination and Right to Sue Notice* attached as Exhibit 2.

9. The Equal Employment Opportunity Commission issued Plaintiff a "Right to Sue Notice" which was received by Plaintiff on March 1, 2023. *EEOC Right to Sue Notice* attached as Exhibit 3.

**FACTS**

10. On December 12, 2020, Tesla Bio offered Preister the position of Director of Customer Services beginning on January 4, 2021

11. Preister's compensation was $54,400.00 annually with monthly payments of $4,500.00 plus a commission of 2.5% at the close of sales.

12. In July 2021, Preister's compensation was unilaterally reduced to a supposed "flexible rate". From July 2021 to his termination, Tesla Bio failed to pay Preister the agreed-upon commission of 2.5% at the close of sales.

13. Preister worked for Tesla Bio as the Center Director from January 4, 2021, until his discharge on December 31, 2021.

14. On December 19, 2021, Preister emailed a letter to President and Owner Helen Gu, Director of Human Resources Rebecca Zimmerman, and Sales and Marketing Director Kristine Galli reporting allegations of sexual misconduct on the part of CEO and Owner James Liu.

15. The letter included detailed allegations by five different women regarding sexual harassment by Dr. Lui (12/17/21 *Letter from Preister to Gu, Zimmerman, and Galli* attached as Exhibit 4)

16. Hours after receiving the report, Owner James Liu filed a criminal complaint with the Milford Police Department claiming Preister stole company property.

17. Rather than investigate the allegations, President Gu sent a letter to Preister announcing his termination from the company.

18. Part of the basis for terminating Preister was his reporting of sexual harassment. (12/31/21 *Letter from Helen Y. Gu to Preister* attached as Exhibit 5).

**COUNT I:**
**RETALIATION PURSUANT TO TITLE VII AND THE DELAWARE DISCRIMINATION IN EMPLOYMENT ACT**

19. Paragraphs 1 through 18 are hereby realleged and incorporated herein by reference as if fully set forth herein.

20. Such acts as described above by Defendant, Tesla Biohealing, its agents, and employees, constitute unlawful continuing retaliation against Plaintiff for having complained of discrimination, and for having reported and complained of discrimination in violation of 19 Del. Code §726 and §704(a) of Title VII, 42 U.S.C. §2000(e)-(3)(a).

21. Here, Tesla Bio retaliated against Preister after he sent a letter reporting five different women's accounts of sexual harassment by Dr. Liu. Rather than investigate the allegations, Preister was terminated just twelve days later.

22. The temporal proximity (12 days) between his protected activity and

his termination is sufficient to establish the requisite causal link for purposes of the prima facie case. *Palish v. K&K RX Servs*., L.P., CIVIL ACTION No.: 13-cv-4092 (E.D. Pa. June 12, 2014)

23. The acts of filing a criminal complaint and terminating Preister are retaliation for reporting the complaints of sexual harassment.

24. President Gu actually references two of the accusers, Marie Conroy and Linda Prust as the basis to terminate Preister.

25. Tesla Bio's actions constitute retaliation for Preister's reporting of harassment, thereby directly violating his rights under State and Federal Law.

26. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has been injured and has suffered and will continue to suffer economic loss, loss of wages and increased benefits, pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, and physical manifestation of anxiety.

**COUNT II:**
**VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT AGAINST DEFENDANT TRIDENT**

2. Plaintiff reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

24. At the time of her termination, Preister was owed several thousand dollars in unpaid commissions.

25. Pursuant to the Delaware Wage Payment and Collection Act, "Wages"

means compensation for labor or services rendered by an employee, whether the amount is fixed on a time, task, piece, commission, or another basis of calculation." 19 *Del. Code* 1101(A)(3)&(4).

26. As a direct and proximate result of Defendant's violation of the Wage Payment and Collection Act, Preister has suffered lost wages and has sustained damages.

**<u>COUNT III: PROMISSORY ESTOPPEL</u>**

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28. "To prevail on a promissory estoppel claim, a plaintiff must establish that: (i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise.

29. Here, Tesla Bio Healing, via its authorized agents, promised to pay Preister a salary along with a commission of 2.5% at the close of the sale.

30. Preister moved from Colorado to Milford, Delaware based on his reliance on that promise.

31. Preister reasonably relied on its promise of employment and took actions to his detriment.

32. The promise is binding because injustice can be avoided only by enforcement of the promise.

33. Plaintiff Preister suffered damages as a result.

**COUNT IV:**
**UNJUST ENRICHMENT**

34. Plaintiff reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

35. Defendant's practice of not paying Plaintiff's commissions was inequitable and constituted unjust enrichment under applicable state laws.

**COUNT V:**
**BREACH OF CONTRACT**

36. Plaintiff reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

37. Defendant had a contract with all its employees including Plaintiff to pay his commissions.

38. Defendant breached its contract with Plaintiff by not paying Plaintiff his earned commissions.

**COUNT VI:**
**VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

39. Plaintiff reiterates and incorporates by reference all of the preceding paragraphs as if fully rewritten herein.

40. Under Delaware law, Plaintiff's employment relationship with Defendant included an implied covenant of good faith and fair dealing.

41. Tesla BioHealing, acting by and through its agents, servants, and employees, terminated Preister.

42. An employer acts in bad faith when it induces another to enter into an employment contract through actions, words, or the withholding of information, which is intentionally deceptive in some way material to the contract. Such conduct constitutes "an aspect of fraud, deceit or misrepresentation." *Merril v. Crothall-American, Inc.*, 606 A.2d 96 (Del. 1992)

43. Here, Defendant Tesla BioHealing concealed its true motive and reasoning for Plaintiff's termination when it deceptively claimed that Preister fabricated reports of sexual harassment by multiple women against Dr. Liu.

44. Tesla BioHealing, rather than conducting an employment relationship in good faith and fair dealing under Delaware law through its actions as described in the foregoing paragraphs, and as a result, breached the employment contract with Plaintiff causing significant financial injury to him.

45. Tesla concocted fraudulent reasons to terminate Plaintiff in order to protect Dr. Liu and enable his sexual harassment.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in his favor and against the Defendant as follows:

a. Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

b. Award the plaintiff back pay compensation for his pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

c. Award the plaintiff sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

d. Award the plaintiff compensatory and punitive damages not otherwise specified.

e. Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

f. Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

g. Such other and further relief as this Court feels proper.

**THE POLIQUIN FIRM LLC**

/s/ Ronald G. Poliquin
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5501

Dated: May 24, 2023

*Attorney for* Plaintiff Russell C. Preister