IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RUSSELL C. PREISTER,

                Plaintiff,

     v.

TESLA BIOHEALING, INC.,

                Defendant.

Civil Action No. 23-00575-CFC

---

Ronald G. Poliquin, THE POLIQUIN FIRM, Dover, Delaware

    *Counsel for Plaintiff*

David B. Anthony, Zachary J. Schnapp, BERGER MCDERMOTT LLP, Wilmington, Delaware

    *Counsel for Defendant*

## **MEMORANDUM OPINION**

March 19, 2023
Wilmington, Delaware

_COLM F. CONNOLLY_
CHIEF JUDGE

Plaintiff Russell C. Preister filed his Complaint against Defendant Tesla BioHealing, Inc. on May 25, 2023. D.I. 1 at 1. Preister's Complaint has six counts. Count I alleges claims of retaliation under Title VII and the Delaware Discrimination in Employment Act. Count II accuses Tesla BioHealing of violating Delaware's Wage Payment and Collection Act. Counts III through VI allege claims under Delaware common law: promissory estoppel (Count III), unjust enrichment (Count IV), breach of contract (Count V), and breach of the implied covenant of good faith and fair dealing (Count VI).

Pending before me is Telsa BioHealing's Motion to Dismiss Counts II through VI. D.I. 7. Telsa BioHealing argues that Counts II through V of Preister's Complaint are time-barred and that Count VI fails to state a claim upon which relief can be granted. I agree with Tesla BioHealing that Counts II, IV, and V are time-barred. I also agree that Count VI of Preister's Complaint fails to state a cognizable claim. I will allow Preister to proceed with Count III.

## I.     BACKGROUND

In response to Preister's Complaint, Tesla BioHealing filed an Answer (D.I. 6) and the pending motion. It is clear from the parties' filings that their accounts of the events that led to the instant lawsuit differ considerably. When

resolving a motion to dismiss, I am required to accept as true the Complaint's well-pleaded facts and draw all reasonable inferences in favor of the Plaintiff. *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211–12 (3d Cir. 2009). Accordingly, the following "facts" are taken from the Complaint.

Preister is a Colorado citizen who formerly lived in Milford, Delaware. D.I. 1 ¶ 1. Tesla BioHealing is a Delaware corporation. *Id.* ¶ 2.[1] In December 2020, Tesla BioHealing offered Preister the position of "Director of Customer Services." *Id.* ¶ 10. Preister was to be paid an annual salary of $54,000 plus a sales commission of 2.5%. *Id.* ¶ 11. Preister began working as the Director of Customer Services on January 4, 2021. *Id.* ¶ 10. In July 2021, Preister's compensation was "unilaterally reduced to a supposed 'flexible rate.'" *Id.* ¶ 12. From July 2021 to December 31, 2021, Tesla BioHealing failed to pay Preister the money he had earned via commission. *Id.*

---

[1] There are two paragraphs in the Complaint numbered "2"—one on the first page of the Complaint and the other on the fifth page. I am citing here to the paragraph 2 on the first page of the Complaint. The Complaint also has two paragraphs numbered "24," two paragraphs numbered "25," and two paragraphs numbered "26." Adding to the confusion is the fact that the Complaint is missing page numbers and Count II is alleged against "Defendant Trident," an entity not mentioned in the caption or anywhere else in the Complaint. Finally, the Complaint has an unresolved Microsoft Word "tracked" change (D.I. 1 ¶ 21). Counsel for Plaintiff is admonished to review his filings more carefully moving forward.

On December 19, 2021, Preister emailed a letter to Helen Gu, Rebecca Zimmerman, and Kristine Galli. *Id.* ¶ 14. Gu is Tesla BioHealing's President and Owner, Zimmerman is Tesla BioHealing's Human Resources Director, and Galli is Tesla BioHealing's Sales and Marketing Director. *Id.* In the letter, dated December 17, 2021, Preister described allegations of sexual misconduct against Tesla BioHealing CEO and Owner Dr. James Liu that had been reported to him by three customers. D.I 1-4 at 1–2. Preister's letter also described instances of Liu's alleged sexual misconduct against two additional women that Preister witnessed firsthand. *Id.* at 2. Preister's letter states that the discrimination "caused me intense stress and anxiety which has resulted in me taking medical leave. I ask you to take action to ensure that no more discrimination occurs, and the hostile work environment ends. I also ask that you compensate me for the emotional distress that I have suffered." *Id.*

Hours after learning of Priester's letter, Liu alleged in a criminal complaint filed with the Milford Police Department that Preister stole company property. D.I 1 ¶¶ 16–17. On December 31, 2021, Tesla BioHealing notified Preister by letter that he was terminated effective December 5, 2021. *Id.* ¶ 17; *see also* D.I. 1-5.

Preister presented a Charge of Discrimination to the State of Delaware Department of Labor and Equal Employment Opportunity Commission. D.I. 1 ¶ 6;

D.I. 1-1.  On January 30, 2023, the Delaware Department of Labor determined that there was "reasonable cause to believe that an unlawful employment practice [] occurred," and ordered Preister and Tesla BioHealing to engage in mandatory conciliation.  D.I. 1-2.  The parties completed mandatory conciliation on February 24, 2023.  On March 1, 2023, the U.S. Equal Employment Opportunity Commission issued Preister a "Right to Sue Notice."  D.I. 1 ¶ 9; D.I. 1-3.  Preister initiated this action with the filing of his Complaint on May 25, 2023.  D.I. 1 at 1.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## B.     Statute of Limitations

Although "the strict language of Rule 8(c) . . . requires that a limitations defense be raised in the answer," "the so-called 'Third Circuit Rule' . . . permits a limitations defense to be raised by a motion under Rule 12(b)(6), . . . if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135–36 (3d Cir. 2002) (citations omitted). A claim that, on its face, fails to comply with the applicable statute of limitations should be dismissed under Rule 12(b)(6). *Benak ex. Rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006).

## III.    ANALYSIS

### A.     Counts II, III, IV, and V

Tesla BioHealing argues that Counts II, III, IV, and V are untimely under the one-year statute of limitation in effect under 10 *Del. C.* § 8111 as of December 31, 2021. Section 8111 applies to claims for lost wages—that is, any "claim for wages, salary, or overtime for work, labor, or personal services performed, or for damages (actual, compensatory, or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor, or personal services performed or in connection with any such action." 10 *Del. C.* § 8111. Throughout 2021, § 8111 barred actions for such claims "brought after the expiration of 1 year from the

5

accruing of the cause of action on which such action is based." In April 2023, with the enactment of Senate Bill 27, Delaware modified § 8111 to provide for a two-year limitations period. *See* 84 Del. Laws c. 20 (2023) (D.I. 8-1). Section 2 of Senate Bill 27 states that the amendment "applies to claims when the date of the accruing of the cause of action on which the action is based is on or after [the effective date of this Act]." D.I. 8-1 at 2 (brackets in the original).

It is undisputed that the effective date of Senate Bill 27 was either April 25, 2023 or April 26, 2023. *See* D.I. 8 at 9 (Tesla BioHealing stating that Senate Bill 27 became effective on April 26, 2023); D.I. 14 at 9 (Preister stating that "[t]he effective date of the Act (as stated in Defendant's brief) was April 25, 2023.") It is also undisputed that Preister was fired by Tesla BioHealing on December 31, 2021, and thus that his claim for lost wages accrued no later than that date. Accordingly, since December 31, 2021 is before April 26, 2023, to the extent Counts II, III, IV, and V are claims for lost wages, they are barred by § 8111 since the Complaint was filed in May of 2023. But to the extent Counts II, III, IV, and V are not claims for lost wages, they were timely filed within the general three-year statute of limitations period codified in 10 *Del. C.* § 8106.

In Count II, Preister alleges that Tesla BioHealing violated the Delaware Wage Payment and Collection Act by failing to tender to him "several thousand

dollars in unpaid commissions." D.I. 1 ¶ 24.[2]  Preister concedes that § 8111 applies

to Count II, but he argues that Senate Bill 27 "allows for the two-year limitations

period for any claim filed '**after** the effective date of this Act.'"  D.I. 14 at 9

(emphasis in the original).  This argument misreads the express language of the

statute.  Senate Bill 27 "allows" for a two-year statute of limitations only "when

the date of the accruing of the cause of action on which the action is based is on or

after" April 26, 2023.  Accordingly, I will dismiss Count II as untimely under

§ 8111.

Preister does not concede that § 8111 applies to Counts III, IV, or V.  He is

correct with respect to Count III, which alleges a claim for promissory estoppel.

D.I. 1 ¶¶ 27–33.  The Complaint identifies the promise underlying this claim as

follows: "Tesla Bio Healing, via its authorized agents, promised to pay Preister a

salary along with a commission of 2.5% at the close of the sale." *Id.* ¶ 29.  And

Preister asks me to infer from the allegation in the Complaint that he moved from

Colorado to Milford that he "declined other positions to take the position in

Milford" and that he "uprooted his life based on Defendant's promises in the form

of compensation to take the position." D.I. 14 at 12.

---

[2] There are two paragraphs labeled "24" on page 5 of the Complaint—one appears
in Count I and the other in Count II.  Here, I cite the paragraph "24" that appears in
Count II.

Tesla BioHealing argues that Count III states a claim for lost wages because "[t]he promise which Plaintiff is seeking Defendant be estopped from denying is a promise to pay a salary and commission." D.I. 16 at 4–5. This argument, however, rests on the faulty premise that damages for a promissory estoppel claim are limited to the enforcement of the promise. But as the Delaware Court of Chancery has explained:

> [T]he wording of [the final] element of the promissory estoppel test—i.e., that injustice can be avoided only by enforcing the promise—is unfortunate, as it seems to require the court to grant specific performance or something like expectation damages as if an actual contract had been formed. Fortunately, sophisticated readers of the language recognize that it must not be taken literally. . . . [T]he words "enforcement of a promise" have not been read as referring solely to specific performance or expectation damages but to an appropriate, case-specific remedy for the plaintiff.

*Ramone v. Lang*, 2006 WL 905347, at *16 (Del. Ch. April 3, 2006). Preister argues that his "damages would include any damages suffered in reliance on Defendant's promise." D.I. 14 at 11. Although he does not cite any authority for this proposition, he is generally correct that "[t]he quintessential remedy for promissory estoppel is an award of damages measured by the reliance costs reasonably incurred by the plaintiff." *Ramone*, 2006 WL 905347, at *16. The "quintessential remedy" in this case would not be limited to lost wages, but would also include damages Preister incurred moving from Colorado to Delaware.

8

Moreover, to the extent Count III also reaches unpaid wages, "if there is doubt as to which of two statutes of limitations [§§ 8111 and 8106] applies, that doubt should be resolved in favor of the longer period." *Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 559 (Del. 2002). Preister's promissory estoppel claim is therefore governed by the three-year statute of limitations in § 8106. And because Count III was filed within three years of the termination of Preister's employment with Tesla BioHealing, it was timely filed.

Counts IV and V, on the other hand, were not timely filed. Both counts seek solely the recovery of wages and therefore are governed by § 8111. Count IV alleges that "Defendant's practice of *not paying Plaintiff's commissions* was inequitable and constituted unjust enrichment." D.I. 1 ¶ 35 (emphasis added). Count V alleges that "Defendant had a contract with . . . Plaintiff," and that "Defendant breached its contract with Plaintiff *by not paying Plaintiff his earned commissions*." D.I. 1 ¶¶ 37–38 (emphasis added). By their plain terms, Counts IV and V are "claims for wages that are subject to Section 8111's one-year statute of limitations," and I must dismiss them with prejudice. *Weik, Nitsche & Dougherty, LLC v. Pratcher*, 2020 WL 5036096, at *8 (Del. Ch. Aug. 36, 2020). Accordingly, I will dismiss Counts IV and V as untimely.

9

## B.    Count VI

In Count VI, Preister alleges that Tesla BioHealing violated the implied covenant of good faith and fair dealing by wrongfully terminating him. D.I. 1 ¶¶ 39–45. In Delaware, an employer breaches the implied covenant of good faith and fair dealing in an at-will employment contract only if one or more of the so-called *Pressman* factors, are met:

> (i) where the termination violated public policy;
> (ii) where the employer misrepresented an important fact and the employee relied "thereon either to accept a new position or remain in a present one"; (iii) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination.

*Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000) (citing *E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d, 436, 442–44 (Del. 1996)). The parties agree that only the fourth *Pressman* factor is at issue here. *See* D.I. 8 at 12; D.I. 14 at 14.

The core of Preister's argument is that Tesla BioHealing "fabricated facts for a police report which was part of the basis for his termination." D.I. 14 at 15. But even if this allegation were in his Complaint (and it is not), this allegation would be insufficient to sustain the claim for two reasons. First, Tesla BioHealing did not cite as a basis for Preister's termination the theft alleged by Liu in the police report. *See* D.I. 1-5. Second, there is no allegation that the police report was part

10

of an employment record.  Indeed, there is no allegation in the Complaint that Tesla BioHealing falsified or manipulated an employment record of any kind. Accordingly, I will dismiss Count VI.

## IV.   CONCLUSION

For the reasons stated above, I will grant in part and deny in part Tesla BioHealing's motion to dismiss.  I will grant the motion insofar as it seeks dismissal of Count II, IV, V, and VI.  I will deny the motion insofar as it seeks dismissal of Count III.

The Court will enter an Order consistent with this Memorandum Opinion.