# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSEL C. PREISTER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 1:23-cv-00575-CFC |
| ) | |
| v. ) | |
| ) | |
| TESLA BIOHEALING, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT TESLA BIOHEALING, INC.'S
## STATEMENT OF FACTS IN SUPPORT OF SUMMARY JUDGMENT

**BERGER McDERMOTT LLP**

David B. Anthony (No. 5452)
Periann Doko (No. 5476)
Zachary S. Schnapp (No. 6914)
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-1140
danthony@bergermcdermott.com
pdoko@bergermcdermott.com
zschnapp@bergermcdermott.com

*Attorneys for Defendant/Counterclaim-Plaintiff Tesla Biohealing, Inc.*

Dated: July 12, 2024

Pursuant to Federal Rule of Civil Procedure 56 and the Court's August 21, 2023 Scheduling Order (D.I. 15), Defendant Tesla Biohealing, Inc. ("TBH") respectfully submits this concise Statement of Facts in Support of its Motion for Summary Judgment against Plaintiff Russell C. Preister ("Preister" or "Plaintiff").

## I.  Plaintiff's Commission Agreement with TBH

1. Plaintiff was hired on January 4, 2021 to work at TBH in Milford, Delaware as its Director of Customer Services. Ex. 1; D.I. 1 at ¶ 10.

2. After he was given a raise in July 2021, Plaintiff's compensation was $54,400.00 annually plus commission at the close of sales. Ex. 1.  Plaintiff does not allege any other terms of the contract (*i.e.*, written or verbal, pay days, at-will or otherwise, etc.).

3. In a May 9, 2021 letter, Plaintiff stated that on February 16, TBH told him that he would get a 5% commission only on sales "based on your own development efforts." Ex. 2 at RP00082. Plaintiff requested a different commission structure and asked Liu if TBH would pay him "5% commission on all sales closed by me, regardless of the source of the lead." *Id*. at RP00089.

4. Liu reiterated that Plaintiff would receive 5% commission for leads he generated and 1% commission for leads the company provided. *Id*. at RP00083. Liu further rejected Plaintiff's request that he receive a 5% commission for all sales, writing "[y]ou should be entitled to 5% commission if you find the lead and close

the sale; if the company provided you the lead with your minimum effort, you would be entitled a 2.5% commission." *Id*. at RP00089.

5. Plaintiff alleges that he no longer received a 2.5% commission at close of sales after July 2021. D.I. 1 at ¶¶ 11, 12, 24, 29.

6. On November 3, 2021, Plaintiff emailed Liu acknowledging that he was paid a commission in September 2021, but he complained his commission payment was $184.42 short. Ex. 3.

7. Liu explained that Plaintiff's salary increased in July 2021 and commission became flexible based on performance, but that Plaintiff's September commission payment was over $2,000. *Id.*

8. Plaintiff did not dispute that the total annual salary, with commission, "was much higher than what [he] expected when [he was] interviewed for the position." *Id.*

9. Although Plaintiff claims he is "owed several thousand dollars in unpaid wages" at termination because he did not receive a 2.5% commission (D.I. 1 at ¶¶ 11, 12, 24, 29), Plaintiff did not produce any documentation showing he made a sale for which he did not receive a commission.

10. Plaintiff complains that he lost a commission for a closed sale on November 12, 2021 to Linda Prust that was voided by TBH the following day, even

though he was notified that the sale should never have been processed. Ex. 4 at RP0008; Ex. 5.

## II. Plaintiff's Poor Performance

11.   During the one year that Plaintiff was employed with TBH, he was repeatedly advised that he failed to meet expectations in his role as Director of Customer Services. Ex. 2; Ex. 6.

12.   Liu documented Plaintiff's poor performance in the May 9, 2021 letter, highlighting the leadership teams' attempt to fire Plaintiff, multiple customer complaints against him, Plaintiff's failure to follow directions and inability to recruit new clients, and Plaintiff's inappropriate disclosure of confidential company information. Ex. 2 at RP00081, RP00083, RP00084, RP00085, RP00088.

13.   On October 28, 2021, Gu notified Plaintiff that the "Delaware center occupancy rate has been low and no plan with measure action items being presented or implemented" and Plaintiff had failed to generate any customer leads in over six months. Ex. 6.

14.   Following his disappointment in losing the November 12, 2021 sale to Prust, Plaintiff began taking notes of "confrontations" with TBH's Human Resources Manager regarding his volume and statements while using his speaker phone, which he contends is evidence of a hostile work environment during November 2021. Ex. 4 at RP00008-11.

15. Plaintiff documented wanting to call in sick on November 19, 2021, but believed "I will lose my job if they say my work performance slips any further." Ex. 4 at RP00011.

16. Despite being aware that his performance was an issue, he failed to open the facility for a customer on November 26, 2021. Ex. 8.

17. Plaintiff admittedly could not "keep up with the demand of the work." Ex. 15, Preister Dep., 259:16-259:23.

18. Eventually, Plaintiff's last day on the job was Friday, December 3, 2021 and he stopped showing up for work after Monday, December 6, 2021, claiming he was on extended medical leave. Ex. 7; Ex. 9.

### III. Plaintiff Reports Allegations of Harassment on December 19, 2021

19. It was not until December 19, 2021, almost two weeks after Plaintiff stopped working, that Plaintiff sent a letter reporting allegations of sexual misconduct by Liu to Gu, TBH's Human Resources Manager, and TBH's Marketing Director. (the "December 19 Letter"). Ex. 10.

20. Plaintiff's allegations in his December 19 Letter involve five separate instances of purported sexual misconduct or harassment by Liu against five separate women. Ex. 11.

21. The first allegation in Plaintiff's December 19 Letter was made by Prust, who allegedly told Plaintiff that Liu attempted to kiss her. Ex. 11.

22. What the letter does not mention is that the incident allegedly occurred in September 2021, while Prust was a customer of TBH. Ex. 12 at RP00022.

23. Prust went on to work at TBH at the end of October 2021 for one week in Arizona. Ex. 13.

24. Prust explicitly told Plaintiff "Nothing happened between James Liu and I while I was employed except his normal hugs." Ex. 14. Plaintiff did not disclose Prust's statement to TBH. Ex. 15, Preister Dep., 143:14-16.

25. The second allegation relates to Marie Whitfield, a former TBH customer. Ex. 11. Whitfield was never employed by TBH.

26. According to Plaintiff, he had a conversation with Whitfield on December 6, 2021. *Id.*

27. Plaintiff admittedly used company resources to obtain Whitfield's contact information and reached out to her in a personal capacity in preparation for his December 19 Letter. Ex. 15, Preister Dep.,195:3-196:10.

28. According to Plaintiff, Whitfield claimed Liu asked about her love life and "touched her hair and brushed her breast with his hand" while she stayed at TBH in April 2021. Ex. 11.

29. The third allegation of harassment involved an "anonymous" female who was scheduled to stay at TBH overnight. *Id.*

30. In the December 19 Letter, Plaintiff claims the woman told him Liu rubbed her feet which she found "creepy." *Id.*

31. While the letter provides no date of the alleged incident, during his deposition, Plaintiff recalled that the woman was a customer and the incident occurred approximately February 2021. Ex. 15, Preister Dep., 222:4-24.

32. The fourth alleged incident in Plaintiff's December 19 Letter was an exchange between Liu and Chloe Virden, a representative with Morningside Medical Equipment, one of TBH's vendors. Ex. 11. Virden was never employed by TBH.

33. Plaintiff claimed that on November 16, 2021, he was present at a luncheon with Virden and multiple employees when Liu asked Virden if she had a boyfriend. *Id.*

34. No further context for the conversation was provided, and Virden did not claim the question was inappropriate. *Id.*

35. The fifth account in the December 19 Letter occurred on November 17, 2021. *Id.*

36. Plaintiff wrote that he overheard a conversation between Liu and Emily Parson, an employee of TBH, where Liu asked Parson if she had a boyfriend. *Id.*

37. Again, no additional context was included in Plaintiff's summary and there is no indication Parson found the question harassing. *Id.*

## IV. TBH Investigation and Plaintiff's Termination

38. TBH immediately conducted an investigation, including obtaining responses from Parson and Virden, regarding the allegations in Plaintiff's December 19 Letter. Ex. 20; Ex. 21 at TB0029.

39. A questionnaire TBH sent to Prust was not returned. Ex. 14.

40. TBH ultimately learned that Plaintiff provided a false name in his resume and failed to disclose a prior criminal arrest for "Solicit for Prostitution." Ex. 16; Ex. 17; Ex. 18; Ex. 22; Ex. 23, Gu Dep. 69:2-69:11.

41. On December 31, 2021, Plaintiff received a termination letter from TBH. Ex. 19.

42. The stated bases for Plaintiff's termination were (i) failure to inform Defendant whether Plaintiff is the subject of an open criminal case; (ii) nondisclosure of an open criminal case to TBH during his job interview; (iii) fabrication of claims against Liu; and (iv) solicitation of fabricated claims by Whitfield against Liu. *Id.*

43. Plaintiff's termination was made retroactive to December 5, 2021. *Id.*

44. Plaintiff, however, had already made plans to leave Delaware prior to receiving the termination letter. Ex. 15, Preister Dep., 27:25-28:17; Ex. 24.

[Signature on next page.]

Dated: July 12, 2024         **BERGER McDERMOTT LLP**

                      */s/ Draft B. Anthony*
                      David B. Anthony (No. 5452)
                      Periann Doko (No. 5476)
                      Zachary S. Schnapp (No. 6914)
                      1105 N. Market St., 11th Floor
                      Wilmington, Delaware 19801
                      Telephone: (302) 655-1140
                      danthony@bergermcdermott.com
                      pdoko@bergermcdermott.com
                      zschnapp@bergermcdermott.com

                      *Attorneys for Defendant/Counterclaim-Plaintiff Tesla Biohealing, Inc.*