# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSEL PREISTER, : | |
| : | |
| Plaintiff, : | |
| : | C.A. No. 1:23-CV-00575-CFC |
| v. : | Jury Trial Demanded |
| : | |
| TESLA BIOHEALING INC., : | |
| : | |
| Defendant. : | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## CONCISE STATEMENT OF FACTS

Plaintiff Russel Preister ("Plaintiff" or "Preister") responds to Defendant Tesla Biohealing Inc.' ("Defendant" or "TBH") Concise Statement of Facts.

1. Admitted.

2. Denied. Preister was promised a commission, specifically a 5% commission on self-generated leads. (Def. Ex. 15, Preister Dep. Page 254, Lines 5-9)

3. Admitted as to the language in the letter. Preister was promised a commission, specifically a 5% commission on self-generated leads.

4. Admitted. Preister was promised a commission, specifically a 5% commission on self-generated leads and 2.5% on all other leads.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied that Plaintiff agreed with Liu's explanation. *Id.* Rather, Plaintiff is requesting a calculation for the commission.

9. Denied. Defendant is in possession of all sales owed to Plaintiff.

10. Admitted that there is a dispute of fact whether Plaintiff lost a commission for a closed sale on November 12, 2021. Denied that it is undisputed whether the sale should have gone through.

11. Denied that he was repeatedly advised. Admitted as to the language in Def.'s Ex. 2 and Ex. 6.

12. Admitted that Lui responded to Plaintiff's letter on May 9, 2021.

13. Admitted as to language in the letter.

14. Admitted.

15. Admitted as to notes.

16. Admitted as to the language in the email. Denied as to accuracy.

17. Denied that Preister couldn't keep up with demand. Admitted that Priester was unable to keep up with the workload while also following up on sales leads.

18. Denied as stated. Plaintiff was on medical leave from December 5th, 2021 until his termination. (Def. Ex.7) (Def. Ex. 9) ("…therefore the time that you

have not been in the office after 12-06-21 is being documented as unpaid medical leave.")

19. Denied that Plaintiff stopped working, Plaintiff was on medical leave. Admitted that on December 19, 2021, Plaintiff sent a letter reporting allegations of sexual misconduct by Dr. Liu to Helen Gu, TBH's Human Resources Manager, and TBH's Marketing Director. (Def. Ex. 7, Def. Ex. 9)

20. Admitted.

21. Admitted.

22. Denied that Prust was merely a "customer". The written statement provided by Prust alleges that the incident occurred when Prust and Liu were discussing her becoming an employee and the feasibility of opening a Med Bed site in Hot Springs, Arkansas. (Def. Ex. 12) Prust was a TBH employee from October 28, 2021 until November 22, 2021. "As I informed you in writing yesterday, 11-09-2021, your employment is terminated by following the Laws of the State of Delaware- either party can terminate the employment at will. Your last day of employment with us is November 22, 2021."(Def. Ex. 13)

23. Denied. Prust was a TBH employee from October 28, 2021, until November 22, 2021. (Def. Ex. 13)

24. Denied as stated. The letter affirms the allegations in Preister's 12/17/21 letter as it states, "So I have nothing to add to what she already knows

from your letter". (Def. Ex. 14)

25. Denied as stated. Whitfield also discussed working with TBH to lead account management for the multi-unit wellness centers to grow revenue/sales for TBH. She was a potential employee. (Pla. Ex. C, Tesla-BIO_0082) (Pla. Ex. A. Liu Dep. Page 41, Lines 22-24)

26. Admitted.

27. Denied. Plaintiff was contacting Whitfield regarding sexual harassment allegations against Dr. Liu.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Denied. Preister was never interviewed regarding the allegations in his letter. (Def. Ex. 15, Preister Dep. Page 333, Line 24 - Page 334, Line 5)

39. Unknown.

40. Denied. Plaintiff did not provide a false name. (Def. Ex. 15, Preister Dep, Page 13, Lines 11-16) Preister also never failed to disclose a prior criminal arrest for "Solicit for Prostitution". Defendant never asked for his criminal background.

41. Admitted.

42. Admitted as to the language in the letter.

43. Admitted as to the language in the letter. Denied that Defendant can retroactively terminate Plaintiff.

44. Denied that Plaintiff was planning to leave Delaware. Plaintiff was moving out of his current residence but had no permanent plans beyond that. (Def. Ex. 15, Preister Dep. Page 99, Line 23 - Page 100, Line 2)

## PLAINTIFF'S COUNTER-STATEMENT OF FACTS

45. Upon receipt of Plaintiff's letter, TBH investigated Preister. Preister was never interviewed. (Pla. Ex. A, Dep. Liu, Page 86, Line 9) (Def. Ex. 18)

46. Dr. Liu gave conflicting reasons for Plaintiff's termination. First, Dr. Liu stated the sole reason for his termination was that he was lying on the job: "The sole reason was he's lying on the job. He's not going to perform. You can tell." (Pla. Ex. A, Liu Dep. Page 130, Lines 20-22). Secondly, Dr. Liu stated there were multiple reasons for Plaintiff's termination: "Multiple reason. It comes to the

point we should have terminated Russ by end of the December. This decision made little while ago." (Pla. Ex. A, Liu Dep. , Page 169, Lines 17-25)

48. Defendant has no policy in their handbook on how to report sexual harassment or discrimination. (Pla. Ex. A, Liu Dep. Page 167, Line 1-5)

49. Dr. Liu had a history of sexual harassment complaints against him involving former employees Julie Donaldson, Rita Fotiadis, and Letizia Nelson (Pla. Ex. A, Liu Dep. Page 155, Lines 7-9) (Pla. Ex. D. Tesla-BIO_0135) (Pla. Ex. H, Page 1) (Def. Ex.2, pg. 6, paragraph 3)

50. Dr. Liu participated in investigating the sexual harassment complaints against himself. (Pla. Ex. A, Liu Dep. Page 29, Line 25 - Page 30, Line 2) (Def. Ex. 20)

52. As HR lead, Dr. Liu would dismiss complaints of sexual harassment against himself without an investigation. (Pla. Ex. A, Liu Dep. Page 159, Lines 23-24)

53. Dr. Liu admitted that a part of the reason he terminated Plaintiff was because Plaintiff reported the allegations of sexual harassment. (Pla. Ex. A, Liu Dep. Page 31, Lines 16-24)

55. Defendant's criminal background check only involved a google search. (Pla. Ex. A, Liu Dep. Page 128, Lines 21-24)

56. As of December 28, Liu knew Preister would be terminated. (Def. Ex. 20) "Russ Preister, poor performer to be terminated by our HR department."

57. On December 30, 2021, TBH falsely informed Russ Preister that the investigation into his report was ongoing. (Def. Ex. 18) (Def. Ex. 20)

57. On December 29, 2021, Plaintiff sent a follow-up letter regarding the claims of sexual harassment against Dr. Liu. The letter also provided medical documentation regarding his leave. (Def. Ex. 7)

58. From December 6, 2021, until December 28, 2021, TBH considered Plaintiff on medical leave. (Def. Ex. 9)

59. Plaintiff received a report of sexual advance/harassment allegations against Dr. Liu from Linda Prust on December 8, 2021. (Def. Ex. 12)

60. Linda Prust was terminated from employment on November 22, 2021. (Def. Ex. 13)

61. Dr. Liu emailed Chloe Virdin regarding the harassment complaint involving himself on December 28, 2021. (Def. Ex. 20)

62. Emily Parson confirmed the allegation that Dr. Liu asked her if she had a boyfriend and saying "she's old enough". (Def. Ex. 21)

63. Prospective employee Marie Whitfield provided Plaintiff with a written statement providing her account of being sexually harassed by Dr. Liu during negotiations. (Pla. Ex. C, Tesla-BIO_0081)

64. Plaintiff was not asked about his criminal history during his job interview. (Pla. Ex. A. Liu Dep. Page 97, Lines 5-6)  (Pla. Ex. B, Gu Dep. Page 67, Lines 3-6)

66. Preister's Commission rate was reduced from 2.5% to 1% on February 2, 2021. (Pla. Ex. E, Tesla-BIO_0321)

67. Preister received a raise on November 4, 2021. (Def. Ex. 3)

68. Preister did not receive a calculation regarding his last commission check. (Def. Ex. 9)

69. TBH simplified and altered its reasons for terminating Preister to protect the company from legal ramifications. (Pla. Ex. B, Gu Dep. At  Page 73, Line 25 - Page 74, Line 8) (Pla. Ex. G. Tesla-Bio_0040)

70. Defendant gave Plaintiff two hours to respond to its allegation in its December 30, 2021 letter. (Def. Ex. 18)

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin (I.D. 4447)
Ronald G. Poliquin, Esquire
1475 S. Governors Ave.
Dover, DE  19904
(302) 702-5501
*Attorney for Plaintiff Russell Preister*

Date: August 9, 2024