# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL C. PREISTER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:23-cv-00575-CFC |
| | ) | |
| v. | ) | |
| | ) | |
| TESLA BIOHEALING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN *LIMINE* TO PRECLUDE DEFENDANT FROM REFERENCING OR PRESENTING EVIDENCE OF OTHER CRIMES AGAINST PLAINTIFF

Plaintiff has moved *in limine* to preclude Defendant Tesla Biohealing, Inc. ("Defendant") from referencing or presenting evidence related to Plaintiff's *nolo contendere* plea of solicitation of prostitution on the basis that it has "no connection to the issues in the case." Plaintiff is wrong. Plaintiff's *nolo contendere* plea for solicitation of prostitution has a proper evidentiary purpose, is relevant, and is not unduly prejudicial or otherwise intended to harass Plaintiff because Plaintiff's concealment of his prior arrest when he was hired is the basis of Defendant's fraudulent inducement counterclaim and a reason for his termination.

Plaintiff's reliance on Federal Rules of Evidence 404(a) and 404(b) is misplaced. Rule 404(a) prohibits evidence of a person's character or character trait to prove on a particular occasion the person acted in accordance with the character

1

or trait. Fed. R. Evid. 404(a). Defendant is not introducing the fact of Plaintiff's *nolo contendere* plea for solicitation of prostitution for the purpose of showing that Plaintiff has some sort of trait or propensity for soliciting prostitution or the like.

Likewise, Rule 404(b) precludes character evidence to show a propensity to act in accordance with the character, but does permit the introduction of such evidence for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). "To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). Rule 403, in turn, discusses the permissive exclusion of relevant evidence for which its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Neither Rule favors Plaintiff.

First, the fact of Plaintiff's *nolo contendere* plea for solicitation of prostitution is directly relevant to and probative of Count I of Defendant's Counterclaims [D.I. 25] for fraud in the inducement of the employment agreement. Defendant specifically alleges that Plaintiff (*i.e.*, Russell *Clark* Preister) applied to the

2

Company using a resume listing the name "Russell *Marion* Preister" (Countercl. ¶ 9 (emphasis added)) and when asked during a job interview with Helen Gu whether he had any reported activities in the past (such as criminal activities), Plaintiff denied that he had any reported activity. Countercl. ¶¶ 10–13. The basis of Defendant's fraudulent inducement claim is that Plaintiff concealed his *nolo contendere* plea for solicitation of prostitution through use of a different middle name and an answer in the negative during the job interview to induce Defendant to hire him, that Defendant reasonably relied on Plaintiff's interview answer that he did not have any reported activities, that Defendant's reliance was to its detriment, and that it was damaged by its reliance. Countercl. ¶¶ 36–39.

Second, the fact of Plaintiff's *nolo contendere* plea for solicitation of prostitution is directly relevant to and probative of Plaintiff's termination. See Compl. Ex. 5 ("The nature of that crime, for both counts, prohibits you from working for our company. You never disclosed your open criminal case during the job interview. Lying on a job application is an independent and sole ground for terminating you.").

Neither purpose for which Defendant is relying on the fact of Plaintiff's *nolo contendere* plea for solicitation of prostitution is for the purpose of harassing, confusing the issue, or otherwise to invoke undue prejudice upon Plaintiff. To the contrary, as demonstrated above, Plaintiff's criminal history *vis-à-vis* the solicitation

3

of prostitution charge and *nolo contendere* plea thereupon is directly relevant and probative to matters at-issue and squarely before the Court.

Accordingly, Defendant respectfully requests that Plaintiff's motion *in limine* be denied and that Defendant be permitted to present and rely upon the fact of Plaintiff's *nolo contendere* plea for solicitation of prostitution as it relates to the counterclaim for fraud in the inducement of the employment agreement and as an alternative grounds for the termination of Plaintiff's employment.