# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL C. PREISTER, | ) |
| | ) |
| Plaintiff, | )  C.A. No. 1:23-cv-00575-CFC |
| | ) |
| v. | ) |
| | ) |
| TESLA BIOHEALING, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW PLAINTIFF TO PRESENT EVIDENCE OF SIMILAR ACTS OF RETALIATION AND INVESTIGATION BY DR. LIU

Plaintiff should not be permitted to present evidence of alleged prior complaints of sexual harassment against Defendant Tesla Biohealing, Inc.'s ("Defendant") CEO and founder, James Z. Liu, because the evidence is not relevant or probative to any claim at issue, inadmissible character evidence, and highly prejudicial.

First, none of the prior actions by Liu are at issue in the present matter. Evidence is relevant only if it has a "tendency to make a fact more or less probable" or "the fact is of consequence in determining the action." Fed. R. Evid. 401. Whether the prior allegations against Liu are true or false has no bearing on Plaintiff's retaliation claim as they were never mentioned in Plaintiff's December 19 letter to Defendant. The core issue in this matter is whether an adverse action was

1

taken against Plaintiff for engaging in a protected activity under Title VII. Plaintiff cites no authority and fails to explain how a prior incident has any relevance to his retaliation claim. Further, neither Letizia Nelson nor Julie Donaldson were employed at Tesla Biohealing during Plaintiff's tenure making their allegations even more attenuated.

Second, character evidence is not admissible. Rule 404(a) prohibits evidence of a person's character or character trait to prove on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a). Rule 404(b) likewise precludes character evidence to show a propensity to act in accordance with the character except for evidence that "prov[es] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Plaintiff only seeks to present the prior allegations as proof Liu has a "pattern" of harassing women. But this is the type of evidence expressly prohibited by Rule 404.

Finally, the evidence is highly prejudicial. Rule 403 permits the Court to exclude evidence for which its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiff's retaliation claim rests solely on the December 19 letter and there is <u>no reference</u> to any prior allegations by Nelson or

Donaldson in Plaintiff's Complaint. D.I. 1. Litigating additional allegations not raised by Plaintiff would confuse the jury, be a waste of the Court's time, and unduly prolong this matter. The Third Circuit follows the rule that the frequency of prior acts informs the probative value of the putative act. *See Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 159 (3d Cir. 2002). Plaintiff's reference to a single, prior harassment claim of one former female employee is not sufficiently probative to suggest that Liu has a propensity to conduct similar acts on other occasion. Plaintiff's attempt to establish that Liu has a propensity for harassing women is not highly probative to the alleged circumstances resulting in Plaintiff's termination.