# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL PREISTER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:23-cv-00575-CFC |
| | ) | |
| v. | ) | |
| | ) | |
| TESLA BIOHEALING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion *in Limine* to Allow Plaintiff *to Present Evidence of Similar Acts of Retaliation and Investigation by Dr. Liu***

1.      Plaintiff requests to introduce prior acts of retaliation by Defendant in response to complaints of harassment.

2.      When asked about other complaints, Dr. Liu consistently denied and dismissed allegations of harassment against him, labeling them as "fake" or false.[1]

3.      Dr. Liu admitted to ignoring allegations and not conducting investigations. "At the time, I was HR lead. I see this fake. I ignore it."[2]

4.      Dr. Liu claimed he could determine their validity without investigation. He thought it was appropriate for him to make determinations about allegations of sexual harassment against himself.[3]

---

[1] Deposition- Dr. James Liu, Page 156, Lines 23-24.
[2] Deposition- Dr. James Liu, Page 159, Lines 23-24.
[3] Deposition- Dr. James Liu, Page 161, Lines 5-6.

1

5.     Dr. Liu's response to other allegations of harassment against him demonstrate a pattern of retaliatory intent characterized by denial, dismissal of claims as fake, lack of proper investigation, personal judgment without due process, and suggestions of financial motivation. This approach raises serious concerns about the handling of harassment complaints within the company and the potential conflict of interest in Dr. Liu's dual role as both the accused and the decision-maker in these situations.

6.     Prior acts of harassment can be relevant in showing retaliation, particularly when they form part of a continuing pattern or provide context for the retaliatory actions taken by the employer. *Cortes v. Univ. of Med. & Dentistry*, 391 F. Supp. 2d 298, *Fuchilla v. Prockop, 682 F. Supp. 247*, *Tegler v. Global Spectrum,* 291 F. Supp. 3d 565.

7.     Counsel certifies that this reply meets the Court's 250-word limit.

**THE POLIQUIN FIRM LLC**

/s/ Ronald G. Poliquin
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE  19904
(302) 702-5501

*Attorney for* Plaintiff Russell Preister

Date: October 18, 2024

2