# **EXHIBIT G**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL C. PREISTER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 1:23-cv-00575-CFC |
| ) | |
| v. ) | |
| ) | |
| TESLA BIOHEALING, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S WITNESSES NOT TIMELY DISCLOSED

Defendant Tesla Biohealing, Inc. requests the Court prohibit Plaintiff from presenting any witness not identified in accordance with F.R.C.P. Rule 26 during discovery. Defendant has been prejudiced by Plaintiff's omission because it did not have a fair opportunity to depose the newly identified witnesses before summary judgment, the delay would otherwise disrupt trial, and there is no excusable neglect for Plaintiff's failure to timely disclose.

On August 30, 2023, Plaintiff submitted its initial disclosures pursuant to F.R.C.P. 26(a)(1)(A) and the Court's Scheduling Order, identifying only Plaintiff, Helen Gu, Rebecca Zimmerman, Kristine Galli, and James Liu as individuals who may be used to support his claims. During discovery, Interrogatory #10 specifically requested Plaintiff to "[i]dentify all persons whom You intend to call to testify at trial or any evidentiary hearing in this action." In his response dated January 19,

1

2024, Plaintiff again only identified himself, Gu, Zimmerman, Galli, and Liu. On June 13, 2024, one day before the fact discovery cut-off, Plaintiff submitted "Rule 26(a) Supplemental Disclosures" identifying for the first time Linda Prust, Marie Whitfield, Letizia Nelson, Rita Fotiadis, and Julie Donaldson as individuals who may be used to support his claims. At his deposition, Plaintiff's excuse for not identifying Prust or Whitfield in the initial Rule 26 disclosure or discovery was he made "a mistake" and "just missed it." No supplemental response to Interrogatory #10 was ever filed.

    Initial disclosures must be timely and include all information reasonably available to the party. Fed. R. Civ. P. 26(c) & (d). For errors learned during discovery, Rule 26(e) mandates a party "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). In addition, Rule 37(c) of the Federal Rules clearly states that a party who fails to identify a witness as required by Rule 26(a) "is *not allowed to use that information or witness* to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

This Court "has the power to exclude evidence as a sanction for a party's failure to comply with its obligations under the rules, including the specific deadlines and obligations imposed by a scheduling order." *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 763 F. Supp. 2d 671, 692 (D. Del. 2010). In determining whether the exclusion is an appropriate sanction, the court will consider: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir. 2000).

Plaintiff's late disclosure has prejudiced Defendant. First, it deprived Defendant the opportunity from using the witnesses' statements in support of its motion for summary judgment. Second, Plaintiff did not produce a declaration or affidavit for any of the witnesses, leaving Defendant without any information about what they would say.

Plaintiff's failure cannot be easily cured and would warrant an extensive delay of the trial. It would be difficult to locate and depose five individuals, all of whom appear to reside outside the State of Delaware given their out of state phone numbers, before the November 20, 2024 trial without having a residential address.

3

Finally, Plaintiff's failure to supplement its Rule 26(a) response or interrogatories before the last day of discovery was intentional. Plaintiff waited 10 months to file its supplemental disclosures. Even then, Plaintiff did not identify the individuals as trial witnesses but only as "individuals Plaintiffs [sic] may use to support their claims." To date, Plaintiff has never corrected or supplemented its response to Interrogatory #10 and identified Prust, Whitfield, Nelson, Fotiadis, and Donaldson as trial witnesses for the very first time in his draft pre-trial order. Finally, none of the evidence presented during discovery suggests Nelson, Fotiadis, and Donaldson have any relevant information regarding Plaintiff's claims for retaliation and promissory estoppel.