# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL C. PREISTER, | ) |
| | ) |
| Plaintiff, | )  C.A. No. 1:23-cv-00575-CFC |
| | ) |
| v. | ) |
| | ) |
| TESLA BIOHEALING, INC., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S WITNESSES NOT TIMELY DISCLOSED

Plaintiff Russell Preister ("Plaintiff" or "Preister") opposes Defendant's Motion *in Limine* No. 1 to prohibit Plaintiff from presenting any witness not identified in accordance with F.R.C.P. Rule 26 during discovery.

1. Federal Rule of Civil Procedure 26 ("Rule 26") imposes upon all litigants an obligation to disclose, without request, information relating to potential witnesses. *Beemac, Inc. v. Republic Steel*, 2023 U.S. Dist. LEXIS 146721, *4, 2023 WL 5301007. In *Beemac, Inc.*, the defendant failed to disclose a potential witness in their Rule 26 Disclosures. However, the witness was referenced in discovery documents. The court denied the motion *in limine* to exclude the witness. The Court decided that the proper remedy was allowing plaintiff to depose the witness prior to trial.

1

2. A majority of courts, the leading treatises, and the Advisory Committee Note to Rule 26 agree that an individual's existence or knowledge can 'otherwise be made known,' and thus be sufficiently disclosed for Rule 26 purposes, through deposition testimony" or other discovery. *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770, 2010 U.S. Dist. LEXIS 44913, 2010 WL 1849913, at *3 (D.N.J. May 7, 2010) *(quoting Bilrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001).

3. Plaintiff identified Linda Prust, Marie Whitfield, Letizia Nelson, Rita Fotiadis, and Julie Donaldson as individuals who may be used to support his claims in an updated Rule 26 disclosures prior to the discovery deadline. In addition, Plaintiff provided the defendant with email addresses and phone numbers of the potential witnesses. The names were provided as potential witnesses and individuals with discoverable information. Any failure to update the interrogatories was a technical violation.

4. Plaintiff's updated Rule 26(a) Disclosures put Defendants on sufficient notice that the above individuals could be called as potential witnesses.

5. All of the individuals were identified in documents produced by both parties throughout discovery. Witnesses Marie Whitfield and Linda Prust were the two employees referred to as having reported sexual harassment complaints to Plaintiff against owner James Liu. (Exhibit 4 of Plaintiff's Complaint, D.I. 1-

2

4)

6. In addition, the above-named witnesses were all mentioned during the depositions of Plaintiff, James Liu, and Helen Gu.

7. As stated by Defendant in its Motion, the Plaintiff was actually questioned about the late disclosures of the witnesses identified.

8. Upon receipt of such information, Defendant made no effort to extend to coordinate depositions or contact the witnesses.

9. The witnesses are actually referenced in Defendant's own proposed trial exhibit (Def. Trial Ex. 13). In the exhibit, the witnesses' own allegations and experiences are discussed.

10. Unlike *Beemac, Inc.*, Plaintiff did identify the witnesses prior to trial.

11. Plaintiff's counsel has offered to remedy any prejudice by the following: requesting a continuance of the trial to enable depositions or witnesses, offering to coordinate interviews of witnesses for defense counsel, coordinating depositions of witnesses before trial.

12. Plaintiff is still willing to remedy any prejudice by assisting defense counsel in interviewing these witnesses before trial.

13. Plaintiff's actions were not intentional. The named witnesses were discussed throughout discovery, they were named in documents produced by both parties, and are central to the case.

14. The witnesses will also be presented to authenticate exhibits.

15. Defendant's main defense is that Plaintiff's report of sexual harassment was not conducted in good faith and were "fake". Both Linda Prust and Marie Witfield can testify they reported sexual harassment to the Plaintiff.

16. Witnesses Letizia Nelson, Rita Fotiadis, and Julie Donaldson can report James Liu's pattern of sexual harassment, their reporting of sexual harassment, and how Dr. Liu retaliates against those who make such complaints.

**WHEREFORE**, Plaintiff, Russell Preister, respectfully requests that this Court enter an order denying the Motion *in Limine* to exclude testimony from Linda Prust, Marie Whitfield, Letizia Nelson, Rita Fotiadis, and Julie Donaldson.

**THE POLIQUIN FIRM LLC**

/s/ Ronald G. Poliquin, Esquire
Ronald G. Poliquin, Esquire
Bar ID No.: 4447
1475 South Governors Avenue
Dover, DE 19904

Attorney for Plaintiff Russell Preister
Date:  October 15, 2024–