# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL C. PREISTER, | ) |
| | ) |
| Plaintiff, | )   C.A. No. 1:23-cv-00575-CFC |
| | ) |
| v. | ) |
| | ) |
| TESLA BIOHEALING, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY IN SUPPORT OF ITS
## MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S WITNESSES
## NOT TIMELY DISCLOSED

Defendant had no reason to depose the five individuals. During discovery, Tesla Biohealing made repeated requests for the names of witnesses, any communications related to this matter, and any other documents in Plaintiff's possession. Each time, Plaintiff deliberately failed to list any of the five individuals.

Merely because their names came up during discovery is insufficient to put Defendant on notice. Prust was not an employee of Tesla Biohealing when the alleged harassment occurred, making any allegation involving her outside the scope of Title VII protection. Similarly, Whitfield was not employed with Tesla Biohealing. Even if she was a "potential employee," Plaintiff forwarding emails Tesla Biohealing had previously received from Whitfield in April 2021 is not a "protected activity." Further, Nelson, Donaldson, and Fotiadis have no bearing on Plaintiff's claims and no proffer has been offered on what they would say. Plaintiff

1

did not mention Nelson, Donaldson, or Fotiadis in his Complaint or the December 19 letter at issue in this matter.

Plaintiff's suggestion Defendant depose <u>five</u> individuals as we simultaneously finalize our preparations for trial completely undermines the discovery process. Given the number of exhibits, the depositions would need to be held in person and Plaintiff has still failed to provide an address for any of the witnesses. This was not merely a "technical violation," but a blatant attempt to prevent Defendant from preparing a meaningful defense.