# EXHIBIT J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL C. PREISTER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:23-cv-00575-CFC |
| | ) | |
| v. | ) | |
| | ) | |
| TESLA BIOHEALING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE DOCUMENTS AND OTHER EXHIBITS NOT TIMELY DISCLOSED

Defendant Tesla Biohealing, Inc. requests the Court prohibit Plaintiff from relying upon or submitting into evidence documents that Plaintiff did not produce during discovery in accordance with F.R.C.P. Rules 26 and 34. Plaintiff's reliance on additional documents would not be justified and is highly prejudicial to Defendant.

In the draft Pre-Trial Order, Plaintiff includes in his list of exhibits: "Text Messages between Marie Whitfield and Presiter [*sic*]," "Text Messages between Linda Prust and Presiter [*sic*]," "Text Messages between Rita Fotiadis and Presiter [*sic*]," "Text Messages between Julie Donaldson and Presiter [*sic*]," and "Group Text Messages (Julien [*sic*] Donaldson, Marie Whitfield, Prust, and Presiter [*sic*]." To date, none of the aforementioned text messages have been produced to Tesla Biohealing.

This Court "has the power to exclude evidence as a sanction for a party's failure to comply with its obligations under the rules, including the specific deadlines and obligations imposed by a scheduling order." *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 763 F. Supp. 2d 671, 692 (D. Del. 2010). In determining whether the exclusion is an appropriate sanction, the court will consider: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir. 2000). When a party fails to make required disclosures under Rule 26(a)(1), they forfeit their right the use the witnesses or documents at issue. *United States v. Dentsply Int'l, Inc.*, 2000 WL 654378, at 3 (D. Del. May 10, 2000).

Plaintiff should be precluded from using any communications not disclosed during discovery. In his initial disclosures pursuant to F.R.C.P. 26(a)(1)(A), Plaintiff generally describes being "in the process of obtaining documents, data compilations, and tangible things" but did not allude to any text messages or written communications. On November 16, 2023, Defendant specifically requested that Plaintiff "Produce all communications between You and Linda Prust from January

2

1, 2020 to the present" (Request for Production #1) and "Produce all communications between You and Marie Whitfield Conroy from January 1, 2020 to the present" (Request for Production #2). The term "communications" was specifically defined to include "the transmittal of information . . . by any means." Defendant also requested that Plaintiff "Identify any text messages or emails You have sent or received that concerns TBH in any way whatsoever from January 1, 2021 to the present" (Interrogatory #4).

Plaintiff provided his response to the discovery requests two months later on January 18, 2024. As to Interrogatory #4, Plaintiff answered: "See emails from Karen Dirks, Carolyn Crenshaw, Dept of Labor, anti-discrimination dept, Milford Police Department detective Timothy Maloney, Julie Donaldson, Letizia Nelson, Rita Fotiadis, Marie Whitfield and former lieutenant Colonel Linda Prust. Attached with production of documents." And in response to Request for Production #1 and #2, Plaintiff responded "See Attached."

But Plaintiff's document production did not include *any* text messages, let alone from Whitfield, Prust, Nelson, or Fotiadis. Rather, the production consisted of 40 emails in native format. After multiple deficiency letters, Plaintiff made a supplemental document production on May 21, 2024. Again, the supplemental production was entirely devoid of text messages. Plaintiff has continued to withhold

3

the alleged text messages, despite identifying them for the first time in the draft Pre-Trial Order.

Plaintiff's failure to produce the documents he now seeks to rely upon is not substantially justified nor is it harmless to Tesla Biohealing. Tesla Biohealing will also be highly prejudiced given the unequivocal request made on November 16, 2023 and the fact it has yet to see the alleged text messages with trial scheduled for November 20, 2024. Because Plaintiff failed to timely disclose the additional documents, Tesla Biohealing was not afforded an opportunity to conduct its discovery regarding the same.