# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL C. PREISTER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:23-cv-00575-CFC |
| | ) | |
| v. | ) | |
| | ) | |
| TESLA BIOHEALING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE*
TO EXCLUDE DOCUMENTS AND OTHER EXHIBITS
<u>NOT TIMELY DISCLOSED</u>**

To avoid having to explain why certain documents were withheld during discovery, Plaintiff completely amended his exhibit list to remove any reference to text messages he exchanged with Prust, Whitfield, Nelson, Donaldson, and Fotiadis.

Given Plaintiff's repeated discovery violations, Defendant is not convinced that production is complete. In the first production, Plaintiff provided 40 emails in their native format to Defendant but no text messages. In the second production, Plaintiff resent some of the emails (choosing to withhold others without explanation) in printed form but again did not include text messages. Neither production totaled more than 200 pages. In subsequent correspondence, Defendant reiterated exactly what discovery it had received and noted its "concerns that Plaintiff engaged in improper self-collection and has failed to ensure a complete and thorough examination of the electronic files within Plaintiff's possession."

1

Despite being on notice that he failed to produce communications specifically requested by Defendant, Plaintiff did not rectify the situation by voluntarily producing the text messages. Instead, Defendant had to again demand Plaintiff turn over the messages regardless of their admissibility. On October 14, 2024, months after the close of discovery and days before submission of the Pre Trial Order, Plaintiff produced 30 pages of text messages containing detailed communications with Plaintiff and the five women he now seeks to have testify at trial. Defendant believes Plaintiff's blatant withholding of evidence warrants an adverse inference instruction at trial.