# EXHIBIT M

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL C. PREISTER, | ) |
| | ) |
| Plaintiff, | )   C.A. No. 1:23-cv-00575-CFC |
| | ) |
| v. | ) |
| | ) |
| TESLA BIOHEALING, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PROPOSED EXHIBITS ON THE BASIS OF HEARSAY, LACK OF AUTHENTICATION, AND RELEVANCE

Defendant Tesla Biohealing, Inc. requests the Court prohibit Plaintiff from introducing documents on the basis of hearsay, lack of authentication, and relevance.

Plaintiff's proposed exhibit list includes a list of documents that generally are objectionable because they contain or refer to statements by individuals not expected to testify, cannot be authenticated by the anticipated witnesses at trial, or are irrelevant to Plaintiff's claims of retaliation and promissory estoppel. Specifically, Plaintiff attempts to introduce statements for the truth of the matter asserted by Marie Whitfield, Linda Prust, Lisa Saterfield, and Rebecca Zimmerman. Whitfield and Prust were never identified as trial witnesses until the pre-trial order (a Motion *in Limine* excluding them from testifying is pending) and Saterfield and Zimmerman are not listed by Plaintiff as potential witnesses. Plaintiff also attempts to introduce a sexual harassment complaint by Saterfield that, even if authenticated, was prepared

1

in June 2022, months after Plaintiff was terminated from Tesla Biohealing. It bears no relevance to Plaintiff's claims for retaliation or promissory estoppel as it refers to an individual completely unrelated to the instant action.

The Federal Rules of Evidence dictate the requirements for the admission of evidence at trial. Rule 802 prohibits the admission of hearsay, any out-of-court statement that is offered for the truth of the matter asserted. F.R.E. 801(c). The admission of inadmissible hearsay is grounds for reversable error unless the error was harmless. *Lippay v. Christos*, 996 F.2d 1490, 1500 (3d Cir.). In order to introduce an item of evidence, Rule 901 requires the introducing party authenticate the document through the testimony of a witness with knowledge. F.R.E. 901(b)(1). Finally, Rule 402 prohibits the admission of irrelevant evidence.

Given that Plaintiff's retaliation claim is entirely based in hearsay, it is imperative that the Court carefully review the admissibility of the exhibits Plaintiff intends to present at trial. Plaintiff's attempt to introduce statements summarizing statements by other individuals is a clear instance of inadmissible hearsay. The Third Circuit confirmed that "[a] witness's statement that another person told him or her what [a manager] said is an out-of-court statement offered to prove that [the manger] did say that." *Guider v. Patriot News*, 2002 WL 523136, at *3 (3d Cir. Apr. 8, 2002) (finding district court did not err in refusing to admit hearsay testimony from a witness recounting an out of court statement by a non-witness).

Plaintiff's November 2021 office notes and December 19, 2020 letter (dated December 17, 2024) documenting alleged sexual harassment by James Liu against Prust and Whitfield is inadmissible as hearsay within hearsay. In both documents, Plaintiff summarizes in his own words what he recalls Prust, Whitfield, and others told him. For instance, Plaintiff writes in the December 19 letter "Linda Prust made the following statement to me" and "Marie Whitfield told me over the phone" and purports to quote Prust and Whitfield. There is no indication that Prust or Whitfield adopted Plaintiff's summary as their own and Plaintiff testified under oath that he did not check with either woman as to the accuracy of the statements. Similarly, Plaintiff's November 2021 office notes claim to summarize conversations he had with Prust, Whitfield, and Zimmerman. Plaintiff's only purpose is to introduce the summaries for the truth of the matter asserted. Otherwise, they would have no relevance to his retaliation claim as none of the actions occurred directly towards him.

Permitting Plaintiff to introduce classic hearsay and hearsay within hearsay before a jury would not be harmless error. It would cause significant prejudice to Defendant who would be unable to contest the accuracy of those statements and is only intended to falsely portray Liu as a predator. Therefore, the Court must exclude the documents completely or require Plaintiff to redact all statements from non-witnesses.

3