# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL C. PREISTER, | ) |
| | ) |
| Plaintiff, | )  C.A. No. 1:23-cv-00575-CFC |
| | ) |
| v. | ) |
| | ) |
| TESLA BIOHEALING, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PROPOSED EXHIBITS ON THE BASIS OF HEARSAY, LACK OF AUTHENTICATION, AND RELEVANCE**

Plaintiff Russell Preister ("Plaintiff" or "Preister") opposes Defendant's Motion *in Limine* No. 3 to Exclude Plaintiff's Proposed Exhibits on the Basis of Hearsay, Lack of Authentication, and Relevance.

1. Defendant is attempting to exclude contemporaneous notes from Plaintiff summarizing complaints of harassment to him from other employees against James Liu.

2. In addition, is attempting to preclude reports of harassment to Plaintiff against James Liu.

3. The statements should not be considered hearsay because they are not being offer for the truth of the matter but rather to show that accusations were

1

made to Plaintiff and he reported such to his employer.

4.  In a retaliation case within the 3rd Circuit, reports of harassment are generally not considered hearsay if they are not offered for the truth of the matter asserted but rather to show that the accusations were made and acted upon by the employer.

5.  For instance, in *Byrd v. Merrill Lynch*, the court found that statements made by accusers were not hearsay because they were used to demonstrate that accusations of sexual harassment were made, investigated, and led to the plaintiff's termination, rather than to prove the truth of the harassment itself. *Byrd v. Merrill Lynch*, 2011 U.S. Dist. LEXIS 73686, 2011 WL 2680572, at *6 (D.N.J. July 8, 2011), aff'd, 479 F. App'x 444 (3d Cir. 2012)

6.  Defendant contends that Plaintiff reported these allegations in bad faith and these documents demonstrate that Plaintiff received actual reports of sexual harassment and reported them properly.

7.  Plaintiff's contemporaneous notes of sexual harassment are not being reported for the truth of the matter. Rather, they are being offered to prove that Plaintiff received these complaints of sexual harassment and reported the allegations in good faith and was subsequently terminated.

8.  In addition, the statements/note qualify under the state of mind exception to the hearsay rule. For example, in *Branch v. Brennan*, the court

found that a note was admissible because it was not being admitted for the truth of its contents but to show state of mind, which is crucial in discrimination cases. *Branch v. Brennan*, 2019 U.S. Dist. LEXIS 140150. Here, the notes offered demonstrate Preister's state of mind when he received the complaints and why he reported the complaints to management.

**WHEREFORE**, Plaintiff, Russell Preister, respectfully requests that this Court enter an order denying the Motion *in Limine* to exclude Plaintiff's Proposed Exhibits on the Basis of Hearsay, Lack of Authentication, and Relevance

**THE POLIQUIN FIRM LLC**

/s/ Ronald G. Poliquin, Esquire
Ronald G. Poliquin, Esquire
Bar ID No.: 4447
1475 South Governors Avenue
Dover, DE 19904

Attorney for Plaintiff Russell Preister
Date: October 15, 2024