# EXHIBIT O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL C. PREISTER, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 1:23-cv-00575-CFC |
| ) | |
| v. ) | |
| ) | |
| TESLA BIOHEALING, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PROPOSED EXHIBITS ON THE BASIS OF HEARSAY, LACK OF AUTHENTICATION, AND RELEVANCE

Plaintiff's reliance on *Byrd v. Lynch* is misguided. There the plaintiff alleged he was terminated because of his race and sex in violation of Title VII. 2011 WL 2680572, at *1 (D.N.J. July 8, 2011). To prove its alternative basis for termination, the employer cited prior claims of sexual harassment *against the plaintiff* that were maintained in an internal investigative file. *Id.* at *2. The court held the harassment statements were admissible as business records and not admitted for truth of the matter asserted. *Id.* at *6. This is the same determination made by the court in *Branch v. Brennan*, also relied on by Plaintiff. 2019 WL 3892850, at *2 (W.D. Pa. Aug. 18, 2019) (finding that complaints received by employer are offered to show state of mind of the *employer*).

Here, Plaintiff specifically contacted women who would make allegations against Liu in an attempt to leave his employment, regardless if the allegations fell

1

within Title VII. Plaintiff himself admitted that he did not seek clarification or confirm the allegations before sending the December 19 letter to Tesla Biohealing. In order to meet the Title VII standard, the allegations must be shown to fall within an employment setting and be based on race, color, religion, sex, or national origin. Therefore, the truth of those statements will be at issue. Plaintiff cannot rely on hearsay statements to support his Title VII retaliation claim.