# EXHIBIT Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL PREISTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 1:23-CV-00575-CFC |
| v. | : | Jury Trial Demanded |
| | : | |
| TESLA BIOHEALING INC., | : | |
| | : | |
| Defendant. | : | |

# JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

Plaintiff's Counsel:

    Ronald G. Poliquin, Esquire (#4447)
    1475 S. Governors Ave.
    Dover, DE 19904
    (302) 702-5501

    *Attorney for Plaintiff*

Defendant's Counsel:

    David B. Anthony, Esq. (No. 5452)
    Periann Doko, Esq. (No. 5476)
    Zachary J. Schnapp (No. 6914)
    BERGER MCDERMOTT, LLP
    1105 North Market Street, 11th Floor
    Wilmington, DE 19801

    *Attorneys for Defendant Tesla Biohealing, Inc.*

## **TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................1

II. OVERVIEW OF THE CASE........................................................................2

III. DUTY OF THE JURY ..................................................................................3

IV. EVIDENCE ...................................................................................................5

V. CREDIBILITY OF WITNESSES .................................................................7

VI. BURDEN OF PROOF ...................................................................................8

VII. CONDUCT OF THE JURY ........................................................................10

VIII. BENCH CONFERENCES ..........................................................................13

IX. COURSE OF THE TRIAL..........................................................................14

X. TRIAL SCHEDULE....................................................................................15

XI. DESCRIPTION OF TRIAL PROCEEDINGS............................................16

## I. <u>INTRODUCTION</u>

Members of the jury:

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to assist you in discharging your duties as jurors and to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial.

II. **OVERVIEW OF THE CASE**

At this time, I will give you a brief overview of who the parties are and their roles in this case.

The Plaintiff is Russell Preister.

The Defendant is Tesla Biohealing.

This is an employment despite.  Mr. Preister claims that Tesla Biohealing retaliated against him by terminating his employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). More specifically, Mr. Preister claims that he was retaliated against by Defendant Tesla Biohealing because he reported complaints of discrimination and opposed discrimination against Tesla Biohealing employees. Plaintiff Preister claims that Defendant Tesla Biohealing retaliated against him by terminating him after he reported the allegations of harassment. Mr. Preister also claims that Tesla Biohealing breached its promise to pay Mr. Preister certain commissions at the close of any sales he made during the course of his employment.  Tesla Biohealing denies those claims.  For its part, Tesla Biohealing contends that Mr. Preister brought his Title VII claim in bad faith and that Mr. Preister's claims do not entitle him to relief under the law.  Tesla Biohealing also contends that Mr. Preister fraudulently induced Tesla Biohealing to enter an employment agreement with him. Mr. Preister denies this claim.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you

2

follow the evidence, I will now give you a brief summary of the elements that Mr. Preister must prove to make his case:

## III. **<u>DUTY OF THE JURY</u>**

It will be your duty to find from the evidence as presented at the trial what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts as you find them to the law. I will instruct you on the law in more detail after all the evidence has been presented. You must follow the law and my instructions whether you agree with them or not.

It is important that you perform these duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

IV. **EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence as exhibits. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you. Certain things are not evidence. They include the following:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe testimony or exhibits being offered into evidence are not proper under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this occurs during trial, I will try to clarify this for you at that time.

3. Exhibits that are identified by a party but not offered or received into evidence are not evidence.

4. Testimony and exhibits that I exclude or strike from the record or tell you to disregard are not evidence and must not be considered.

5. Anything you see or hear outside the courtroom is not evidence and

5

must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of any eyewitness. Circumstantial evidence is proof of a fact or facts from which you may infer or conclude that other facts do or do not exist.

## V. **CREDIBILITY OF WITNESSES**

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses. I will give you some additional guidelines for determining the credibility of witnesses at the end of the case.

## VI. **<u>BURDEN OF PROOF</u>**

This is a civil case. The Plaintiff, Russell Preister, is the party who brought this lawsuit. The Defendant Tesla Biohealing is the party against whom the lawsuit was filed. Mr. Preister has the burden of proving his case by what is called the preponderance of the evidence. That means Mr. Preister has to prove to you, in light of all the evidence, that what he claims is more likely so than not. To say it differently: if you were to put the evidence favorable to Mr. Preister and the evidence favorable to the Defendant on opposite sides of the scales, Mr. Preister would have to make the scale tip somewhat on his side. If Mr. Preister fails to meet this burden, the verdict must be for the Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight

8

you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## VII. <u>CONDUCT OF THE JURY</u>

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones or other smartphones, iPads

10

or other tablets, and any other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cellphone or smartphone, through e-mail, your tablet, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking websites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes in the notebooks provided to you. If you do take notes, leave them in the jury room when you leave at night. Remember that these notebooks are for your own personal use—they are not to be given or read to anyone else. A word of caution is in order. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony that is considered unimportant at the time presented and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberation.

## VIII. <u>BENCH CONFERENCES</u>

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are conferring at the bench, you should feel free to do so.

I may not always grant an attorney's request for a bench conference. Do not consider any granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

## IX. **COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

– These preliminary instructions to you;

– Opening statements, which are not evidence, but are intended to explain to you what each side intends to prove and are offered to help you follow the evidence;

– The presentation of the evidence, which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

– The closing arguments of the attorneys, which again are not evidence, but will be offered to help you make your determination;

– My final instructions on the law to you; and finally,

– Your deliberations, where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

14

X.  **TRIAL SCHEDULE**

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to three businessdays to try, between now and November 23, 2024.

The trial will normally begin each day at 8:30 A.M, will go until around 12:30 P.M., whenthere will be about a forty-five-minute break for lunch before continuing until 4:30 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

This is a timed trial. That means that I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that the case is expected to be completed by Wednesday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.

15

## XI.  DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

First, attorney(s) for the plaintiff Preister will make an opening statement to you. Next, attorney(s) for defendant Tesla Biohealing may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

Before the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiff Preister goes first because he has the burden of proof. He will present witnesses whom counsel for Defendant Tesla Biohealing may cross-examine, and Preister may also present evidence. Following Mr. Preister's case, Defendant Tesla Biohealing may present evidence.  Counsel for Preister may cross-examine witnesses for the defense.  After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.