# EXHIBIT R

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUSSELL PREISTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 1:23-CV-00575-CFC |
| v. | : | Jury Trial Demanded |
| | : | |
| TESLA BIOHEALING INC., | : | |
| | : | |
| Defendant. | : | |

## **JOINT [PROPOSED] FINAL JURY INSTRUCTIONS**

Plaintiff's Counsel:

> Ronald G. Poliquin, Esquire (#4447)
> 1475 S. Governors Ave.
> Dover, DE 19904
> (302) 702-5501
>
> Attorney for Plaintiff

Defendant's Counsel:

> David B. Anthony, Esq. (No. 5452)
> Periann Doko, Esq. (No. 5476)
> Zachary S. Schnapp (No. 6914)
> BERGER MCDERMOTT, LLP
> 1105 North Market Street, 11th Floor
> Wilmington, DE 19801
>
> *Attorneys for Defendant Tesla Biohealing, Inc.*

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROVINCE OF THE COURT AND JURY | 2 |
| III. | BURDEN OF PROOF | 4 |
| IV. | NATURE OF THE CLAIM | 5 |
| V. | *PLAINTIFF'S PROPOSAL*: ELEMENTS OF A TITLE VII CLAIM — RETALIATION | 6 |
| V. | *DEFENDANT'S PROPOSAL*: ELEMENTS OF A TITLE VII CLAIM — RETALIATION | 8 |
| VI. | *PLAINTIFF'S PROPOSAL*: ELEMENTS OF PROMISSORY ESTOPPEL | 11 |
| VI. | *DEFENDANT'S PROPOSAL*: ELEMENTS OF PROMISSORY ESTOPPEL | 13 |
| VII. | ELEMENTS OF A FRAUDULENT INDUCEMENT CLAIM | 14 |
| VIII. | COMPENSATORY DAMAGES - GENERAL INSTRUCTION | 15 |
| IX. | PUNITIVE DAMAGES | 17 |
| X. | *NOTE: DEFENDANT OBJECTS TO A BACKPAY INSTRUCTION -* BACK PAY | 19 |
| XI. | *NOTE: DEFENDANT OBJECTS TO A FRONT PAY INSTRUCTION -* FRONT PAY | 21 |
| XII. | NOMINAL DAMAGES | 23 |
| XIII. | EVIDENCE | 24 |
| XIV. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 26 |
| XV. | USE OF NOTES | 27 |
| XVI. | CREDIBILITY OF WITNESSES | 28 |
| XVII. | DEPOSITION TESTIMONY | 29 |
| XVIII. | SYMPATHY | 30 |

XIX.    *DEFENDANT PROPOSED INSTRUCTION*: DISCREPANCIES IN TESTIMONY ............................................................................................ 31

XX.     *DEFENDANT PROPOSED INSTRUCTION*: PRIOR INCONSISTENT STATEMENT ............................................................................................ 32

XXI.    ENDING INSTRUCTIONS ...................................................................... 34

XXII.   FINAL DELIBERATIONS ........................................................................ 35

# I. **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen carefully to everything I have to say.

1

## II.    PROVINCE OF THE COURT AND JURY

I have instructions for your guidance as jurors in this case.

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

2

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proved by a preponderance of the evidence that defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

3

### III.   BURDEN OF PROOF

This is a civil case. The Plaintiff, Russell Preister, is the party who brought this lawsuit.  The Defendant Tesla Biohealing is the party against whom the lawsuit was filed.   Mr. Preister has the burden of proving his case by what is called the preponderance of the evidence.  That means Mr. Preister has to prove to you, in light of all the evidence, that what he claims is more likely so than not.   To say it differently:  if you were to put the evidence favorable to Mr. Preister and the evidence favorable to the Defendant on opposite sides of the scales, Mr. Preister would have to make the scale tip somewhat on his side.   If Mr. Preister fails to meet this burden, the verdict must be for the Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this. So you should put it out of your mind.

4

## IV.  <u>NATURE OF THE CLAIM</u>

In this case the Plaintiff makes a claim under Title VII of the Civil Rights Act of 1964 (the "Act") that prohibits employers from retaliating against an employee who has made a charge, testified, assisted or participated, or reported unlawful discrimination under the Act. To prove retaliation, Mr. Preister has to show he suffered an "adverse employment action." More specifically, Plaintiff Preister claims that he was retaliated against by Defendant Tesla Biohealing because he reported complaints of discrimination and opposed discrimination against Tesla Biohealing employees.  Plaintiff Preister claims that Defendant Tesla Biohealing retaliated against him by terminating him after he reported the allegations of harassment.

Secondly, Plaintiff alleges that Tesla Bio Healing, via its authorized agents, breached its promise to pay Preister a salary along with a commission at the close of any sales made. Preister alleges that he moved from Colorado to Milford, Delaware based on his reliance on that promise.

*PLAINTIFF'S PROPOSAL*

## V. <u>ELEMENTS OF A TITLE VII CLAIM — RETALIATION</u>

Russell Preister claims that the Defendant Tesla Biohealing, Inc. retaliated against him because his reported complaints of harassment and opposed discrimination against Tesla Biohealing James Liu.

To prevail on this claim, Russell Preister must prove all of the following by a preponderance of the evidence:

First: Russell Preister reported complaints of harassment against Jame Liu.

Second: Russell Preister was subjected to a materially adverse action at the time (termination), or after, the protected conduct took place.

Third: There was a causal connection between Preister's complaints of harassment against James Liu and his subsequent termination.

Concerning the first element, Preister need not prove the merits of the complaints of harassment, but only that he was acting under a reasonable, good faith belief that the right to be free from discrimination and harassment was violated.

Concerning the second element, the term "materially adverse" means that Plaintiff's subsequent termination was serious enough that it well might have discouraged a reasonable worker from reporting claims of harassment.

Tesla Biohealing has given a nondiscriminatory reason for terminating Mr. Preister.  If you believe Tesla Biohealing's stated reasons and if you find that these actions would have occurred because of Tesla Biohealing's stated reasons regardless of Preister's opposition to conducted protected under Title VII, then you must find

6

for Tesla Biohealing.  If you disbelieve Tesla Biohealing's stated reasons for its conduct, then you may, but not need, find that Preister has proved retaliation.  In determining whether Tesla Biohealing's stated reasons for its actions were a pretext, or excuse, for retaliation, you may not question Tesla Biohealing's business judgment.  You cannot find retaliation simply because you disagree with the business judgment of Tesla Biohealing or believe it is harsh or unreasonable. You are not to consider Tesla Biohealing's wisdom. However, you may consider whether Preister has proven that Tesla Biohealing's reason is merely a cover-up for discrimination.

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a sufficient connection through timing, that is Tesla Biohealing's actions followed shortly after Plaintiff's reports of harassment. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Preister or a change in demeanor toward Preister.

Ultimately, you must decide whether Preister's reports of harassment had a determinative effect on his subsequent termination. "Determinative effect" means that if not for Preister's participation and opposition to Jame Liu's harassment, Tesla Biohealing's subsequent decision to terminate Preister would not have occurred.

7

*DEFENDANT'S PROPOSAL*

## V.   <u>ELEMENTS OF A TITLE VII CLAIM — RETALIATION</u>

Russel Preister claims that the Defendant Tesla Biohealing, Inc. retaliated against him because he reported complaints of harassment by James Liu.

To prevail on this claim, Russel Preister must prove all of the following by a preponderance of the evidence:

First: Mr. Preister's submission of the December 19, 2021 letter was a protected activity under Title VII.

Second: Mr. Preister was subjected to a materially adverse action at the time (termination), or after, the protected conduct took place.

Third: There was a causal connection between Mr. Preister's complaints of harassment against James Liu and his subsequent termination.

Concerning the first element, Mr. Preister need not prove the merits of the complaints of harassment, but only that he was acting under an objectively reasonable and good faith belief that the that the activity opposed was unlawful under Title VII.  To qualify as a Title VII protected activity requires Mr. Preister to prove the discriminatory action was taken against an employee.  Harassment is not a "protected activity" under Title VII if it against a customer or third party.

Concerning the second element, the term "materially adverse" means that Plaintiff's subsequent termination was serious enough that it well might have discouraged a reasonable worker from reporting claims of harassment.

8

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Tesla Biohealing's actions followed shortly after Plaintiff's reports of harassment. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Preister or a change in demeanor toward Preister.

Tesla Biohealing has given a nondiscriminatory reason for terminating Mr. Preister. If you believe Tesla Biohealing's stated reasons and if you find that these actions would have occurred because of Tesla Biohealing's stated reasons regardless of Preister's opposition to conducted protected under Title VII, then you must find for Tesla Biohealing. If you disbelieve Tesla Biohealing's stated reasons for its conduct, then you may, but not need, find that Preister has proved retaliation. In determining whether Tesla Biohealing's stated reasons for its actions were a pretext, or excuse, for discrimination, you may not question Tesla Biohealing's business judgment. You cannot find retaliation simply because you disagree with the business judgment of Tesla Biohealing or believe it is harsh or unreasonable. You are not to consider Tesla Biohealing's wisdom. However, you may consider whether Preister has proven that Tesla Biohealing's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Preister's reports of harassment had a determinative effect on his subsequent termination. "Determinative effect" means

9

that if not for Preister's participation and opposition to Jame Liu's harassment, Tesla

Biohealing's subsequent decision to terminate Preister would not have occurred.

*PLAINTIFF'S PROPOSAL*

## VI.   <u>ELEMENTS OF PROMISSORY ESTOPPEL</u>

If someone makes a promise to a person who reasonably relies on that promise and who later takes an action to that person's detriment, then the one making the promise is obligated to fulfill the promise.  A promise is a declaration by which a person agrees to perform or refrain from doing a specified act.  Mere expressions of opinion, expectation, or assumption are not promises.

You must determine from the evidence whether Tesla Biohealing made a promise to Preister to pay Preister a salary along with a commission at the close of any sales made. Preister moved from Colorado to Milford, Delaware based on his reliance on that promise. If you find that such a promise was made and that Preister relied on it to his detriment, then you may award Preister damages for the detriment suffered as a result of Preister failure to fulfill its promise.

Source:

*Haveg Corp. v. Guyer*, Del. Supr., 226 A.2d 231, 236-37 (1967); *Hessler, Inc. v. Farrell*, Del. Supr., 226 A.2d 708, 711 (1967); *Metropolitan Convoy v. Chrysler Corp.*, Del. Supr., 208 A.2d 519, 521 (1965); *Danby v. Osteopathic Hosp. Ass'n of Delaware*, Del. Supr., 104 A.2d 903, 907 (1954)(promise to a charity); *Borish v. Graham*, Del. Super., 655 A.2d 831, 835-36 (1994).  *See also Reeder v. Sanford*

11

*School, Inc.*, Del. Super., 397 A.2d 139, 141 (1979)(indicating that claim in estoppel

requires proof by clear and convincing evidence).

*DEFENDANT'S PROPOSAL*

## VI.   <u>ELEMENTS OF PROMISSORY ESTOPPEL</u>

Mr. Preister claims that Tesla Biohealing promised to pay him certain commissions at the close of any sales he made during the course of his employment.

To prevail on this claim, Mr. Preister must prove all of the following by a preponderance of the evidence:

First:  Mr. Preister must prove that Tesla Biohealing made him a promise to pay him certain commissions at the close of any sales he made during the course of his employment. Under Delaware law, the promise must definite and certain—mere expressions of expectation, opinion, or assumption are insufficient.

Second:  Tesla Biohealing reasonably expected Mr. Preister to rely on its representation that Tesla Biohealing would pay Mr. Preister certain commissions at the close of any sales he made during the course of his employment.

Third: Mr. Preister did reasonably rely on Tesla Biohealing's representation that it would pay Mr. Preister certain commissions at the close of any sales he made during the course of his employment, and Mr. Preister did so to his detriment.

Fourth: The promise must be enforced to avoid injustice.

If you find that Preister has presented clear and convincing evidence of all four elements, then you may award Preister damages for the detriment suffered as a result of Tesla Biohealing's promise.

13

## VII.    **ELEMENTS OF A FRAUDULENT INDUCEMENT CLAIM**

Tesla Biohealing claims that Mr. Preister fraudulently induced Tesla Biohealing to enter into an employment agreement.

To prevail on this claim, Mr. Preister must prove all of the following by a preponderance of the evidence:

First: Tesla Biohealing must prove that Mr. Preister made a false representation by claiming he did not have any reported activities in the past despite being charged with solicit for prostitution.

Second: Tesla Biohealing must prove that Mr. Preister knew the representation to be false or made the representation with reckless indifference to the truth.

Third:  Mr. Preister made the false representation to include Tesla Biohealing to act by entering an employment agreement with him.

Fourth:  Tesla Biohealing's action was taken in justifiable reliance upon Mr. Preister's false representation.

Fifth: Tesla Biohealing was damaged as a result of its reliance.

## VIII.    COMPENSATORY DAMAGES - GENERAL INSTRUCTION

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendant Tesla Biohealing, Inc. should be held liable.

If you find by a preponderance of the evidence that Tesla Biohealing, Inc. retaliated against Russell Preister, then you must consider the issue of compensatory damages.  You must award Preister an amount that will fairly compensate him for any injury he actually sustained as a result of Tesla Biohealing, Inc.'s conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Preister in the position he would have occupied if the retaliation had not occurred. Russell Preister has the burden of proving damages by a preponderance of the evidence.

Russell Preister must show that the injury would not have occurred without Tesla Biohealing, Inc.'s acts. Preister must also show that Tesla Biohealing, Inc.'s acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Tesla Biohealing, Inc.'s acts. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Tesla Biohealing, Inc.'s actions or omissions were motivated by retaliation. In other words, even assuming that Tesla Biohealing, Inc.'s actions or omissions were motivated by retaliation, Preister is not entitled to damages for an injury unless defendant's discriminatory actions or omissions actually played a substantial part in bringing about that injury.

15

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Preister experienced as a consequence of Tesla Biohealing, Inc.'s retaliation against him. No evidence of the monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

## IX.  PUNITIVE DAMAGES

Plaintiff Preister claims the acts of Tesla Biohealing were done with malice or reckless indifference to his federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Tesla Biohealing personally acted with malice or reckless indifference to Preister's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish Tesla Biohealing for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Tesla Biohealing.

17

You should also consider whether actual damages standing alone are sufficient to deter or prevent Tesla Biohealing, Inc. from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Tesla Biohealing, Inc. may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Tesla Biohealing, Inc. should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Tesla Biohealing, Inc. or others from committing similar wrongful acts in the future.

*NOTE: DEFENDANT OBJECTS TO A BACKPAY INSTRUCTION*

## X.  <u>BACK PAY</u>

If you find that Tesla Biohealing intentionally retaliated against Preister by terminating him, then you must determine the amount of damages that the Tesla Biohealing's actions have caused Preister.  Preister has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Preister for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Preister would have received from the Tesla Biohealing had Preister not been the subject of Tesla Biohealing's intentional discrimination.

You must reduce any award by the amount of the expenses that Preister would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Preister has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that Preister has a duty to mitigate his damages-- that is Preister is required to make reasonable efforts under the circumstances to reduce his damages.  It is Tesla Biohealing's burden to prove that Preister has failed

to mitigate. So if Tesla Biohealing persuades you, by a preponderance of the evidence, that Preister failed to obtain substantially equivalent job opportunities that were reasonably available to his, you must reduce the award of damages by the amount of the wages that Preister reasonably would have earned if he had obtained those opportunities.

*NOTE: DEFENDANT OBJECTS TO A FRONT PAY INSTRUCTION*

## XI.  FRONT PAY

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Preister would reasonably have earned from Tesla Biohealing had Preister not been terminated for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Preister will receive from other employment during that time. Preister has the burden of proving these damages by a preponderance of the evidence.

If you find that Preister is entitled to recovery of future earnings from the Tesla Biohealing then you must reduce any award by the amount of the expenses that Preister would have incurred in making those earnings.

You must also reduce any award to its present value by considering the interest that Preister could earn on the amount of the award if he made a relatively risk-free investment.  You must make this reduction because an award of an amount representing future loss of earnings is more valuable to Preister if he receives it today than if it were received at the time in the future when it would have been earned.  It is more valuable because Preister can earn interest on it for the period of time between the date of the award and the date he earned the money.  So you should decrease the amount of any award for loss of future earnings by the amount of

interest that Preister can earn on that amount in the future.

## XII.   **NOMINAL DAMAGES**

If you return a verdict for Russell Preister but Preister has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to recognition of that violation, even if he has no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## XIII.   EVIDENCE

The evidence from which you are to find the facts consists of the following:

    1. The testimony of the witnesses;

    2. Documents and other things received as exhibits;

    3. Any facts that are stipulated--that is, formally agreed to by the parties; and

    4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

    1. Statements, arguments, and questions of the lawyers for the parties in this case;

    2. Objections by lawyers.

    3. Any testimony I tell you to disregard; and

    4. Anything you may see or hear about this case outside the courtroom.

    You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

    You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

## XIV.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

During the preliminary instructions, I told you about "direct evidence" and "circumstantial evidence." I will now remind you what each means.

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believehim, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.

If someone walked into the courtroom wearing a raincoat covered with drops of water andcarrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both directand circumstantial, and give it whatever weight you believe it deserves.

## XV.    <u>USE OF NOTES</u>

You may have taken notes during trial to assist your memory. As I instructed you at the beginning of the case, you should use caution in consulting your notes. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented. Therefore, your notes are only a tool to aid your own individual memory, and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

## XVI.   CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

## XVII.    **DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony.

Deposition testimony is out of court testimony given under oath.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in Court.

The deposition testimony may have been edited or cut to exclude irrelevant testimony as the parties have only a limited amount of time to present you with evidence.

## XVIII.   **SYMPATHY**

Your verdict must be based solely on the evidence in the case. You must not be governedby prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties. It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

*DEFENDANT PROPOSED INSTRUCTION*

## XIX.  <u>DISCREPANCIES IN TESTIMONY</u>

You may have heard evidence of discrepancies in the testimony of certain witnesses.  You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the one hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself.  It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

*DEFENDANT PROPOSED INSTRUCTION*

## XX.    <u>PRIOR INCONSISTENT STATEMENT</u>

You may have heard evidence that at some earlier time the witness has said or done something.

You may have heard evidence that at some earlier time the witness has said or done something which the attorney argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposefully made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## XXI.  ENDING INSTRUCTIONS

I have now concluded the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now we will hear closing arguments from the parties.  After that, I will read you a few instructions about your deliberations and discuss the verdict form with you.

## XXII.    FINAL DELIBERATIONS

When you retire to the jury room to deliberate, you may take with you these instructions, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I gave you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself,

but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, or computer of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service such as Facebook, Snapchat, Instagram, Twitter, TikTok, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence

and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to

talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.